By the Court :
It is a peculiar feature of the law of Ohio that the widow of a deceased person is not only entitled to dower in the legal estate of which the husband was seized, during coverture, but also in any equitable estate which he may hold in lands at the time of his death. It is in virtue of the statutory provision endowing the widow with one-third part of all the right or interest the husband had at the time of his decease in any lands or tenements, that the complainants claim dower in the premises described in the bill. Lewis, the former husband of the complainant, Mrs. Smiley, had purchased the property of which dower is claimed, gone into possession, made valuable improvements thereon, paid a considerable part of the purchase money, leaving the balance a debt due by his estate, which was subsequently paid *by the administrator, without obtaining a conveyance of the legal estate. He had, therefore, although not a legal estate of inheritance, an equitable interest in the lots, of which his widow, at his'death, was entitled to her dower by the provisions of our statute. And that dower must now be assigned to her, in conformity to the prayer of the bill, if she has done no act since his death to divest herself of that right, or to bar her from enforcing it in equity,
Upon this part óf the case two questions have been made. Did the complainant, Mrs. Smiley, receive from Fickas, the administrator of Lewis’ estate, any compensation or satisfaction for or in lieu of her dower?
Whether the circumstances attending the sale of the premises of which dower is claimed bar her in equity, on the ground of fraud, from claiming her dower from Hartford, and all others holding under him?
Upon the first question, whether the widow of Lewis received from Fickas, the administrator, any compensation in lieu of her dower, much contradictory testimony has been taken.
It is unnecessary to state the evidence relied upon by either party on this point. The defendants claim, in their answers, that it was agreed between Fickas and the complainant, Mrs. Smiley, that she should receive a lot on Fourth street, in Steubenville, and some materials for building, in lieu of her dower. That the lot was conveyed to her, and the building materials furnished. They have called on her, under a provision of the statute, by filing interrogatories, in the nature of a cross bill, to answer on oath, *472 whether such an agreement was not made and executed. She denies, by her answer, any such agreement, and states that she did not receive the lot on Fourth street, and building materials, in satisfaction of her dower, but that Fickas retained the amount of the purchase money of the lot and materials, out of money belonging to the children of her husband, and due to her for their maintenance. This answer is supported by the testimony of the guardian of those children, who states he was present at the settlement, and that it was agreed that the amount charged by Fickas, for the lot and materials furnished by him, should be applied in paying her for supporting the children.
*That some conversation took place, between Mrs. Smiley and Fickas, respecting her dower in the premises, is perfectly certain ; but what that conversation was, or whether any, and if any, what agreement was made between them, is uncertain. The lapse of time, and the death of Fickas, who was. the active agent in all the transactions mentioned by the witnesses, and who compensated Mrs. Smiley for her dower, if in fact she ever received a compensation, has involved the question in doubt and uncertainty. Sufficient appears to excite a suspicion of her having received something in lieu of her dower. Tet the evidence is not sufficiently clear and explicit to induce a court of equity to decree against her claim, on the ground of her having received satisfaction.
• The next question made is, whether the circumstances attending the sale of the premises to Hartford, are such as bar Mrs. Smiley, in equity, from claiming her dower. The evidence upon this part of the case is clear, explicit, and uncontradictory. J. Edington testifies that he attended the sale as the agent of Hartford. The property was put up, subject to the widow’s dower, and that it was bid up to about two thousand four hundred dollars. Fickas, after the property had been cried for some time at that price, and it was evident no greater bid could be obtained, expressed his unwillingness to have it sold for that price, and, at his request, the biddings were suspended, to enable him to consult with the widow, and ascertain if she would agree to have the property sold free of dower. Fickas and the widow went into a back room, where they were engaged some time in conversation, no part of which he heard. The witness was near the door of the room, and when they came out Fickas observed she had agreed to have the property sold free of dower. This was proclaimed at the front door by the crier; the *473 biddings resumed, and the property struck off to witness, as the .agent of Hartford, at about three thousand dollars. He would not have given over two thousand four hundred dollars, had he not have understood that the widow relinquished her dower. R. Moor’s testimony is to the same effect. S. Salmon states he was the auctioneer. The widow was present, and must *have heard him cry the sale as free from her claim of dower, and that the property was sold as unincumbered by any right of dower. J. Worstell states he was present at the sale. Mrs. Smiley was standing in the door, the auctioneer being on the step, when it was -struck off. That he heard the auctioneer frequently state, that the sale was free of dower, while she was in a situation she must have heard him; and on one occasion replied to him she had no claim, to dower.
It is apparent from this testimony, which is altogether uncon-tradicted, that after the suspension of the sale, it was understood by the persons attending, that the property was to be sold unincumbered by the widow’s dower. That she was present, aiding by her acts and declarations, in confirming this opinion, and that the purchaser was thereby induced to bid about six hundred dollars ¿more than he otherwise would have given.
It is a well-established principle in equity, that if a person, having a right to an estate, permit or encourage a purchaser to buy it ■ of another, the purchaser shall hold it against the person who has the right. 16 Ves. 253; 4 Munf. 449; 11 Johns. 564; 6 Johns. Ch. 166. And the rule prevails, even against feme coverts and persons under age. 9 Mod. 35; 5 Ves. 174; Cory v. Girtchin, 2 Mad. 40.
It is contended, on the part of the complainants, that the acts .and declarations of Mrs. Smiley, at the time of the sale of the lots in question, ought not to bar her of the aid of a court of equity, because she was at that time ignorant of her rights, nor can they be considered as a fraud upon the purchaser, as he had notice of her title.
It is unnecessary to consider whether a person, having legal title to lands, who encourages the sale by another, shall be permitted to show his ignorance of that title, to the prejudice of a tona fide purchaser for a valuable consideration, as we are clearly ■of opinion that the evidence does not prove Mrs. Smiley’s ignorance of her rights, at the time of the sale by the administrator. If she would avoid the effect of her acts and declarations, on the *474 ground of being ignorant of ber rights, she should at least raise a strong presumption of that ignorance, by the proof of facts and ^circumstances, from which it could fairly be inferred. The-proof relied upon, is the answer of Mrs. Smiley to the interrogatories of the defendant, Wright, in which she states that “ Fickas always told her that nothing would be coming to her until all debts were paid, and this she believed to be true, until about the time suit was brought;” and the testimony of Fleming, who states that, as late as 1817 he heard Fickas tell her she was entitled to the interest of one-third of the proceeds of the "estate, both real and personal, after all debts were paid. The answer of Mrs. Smiley is-contradicted, in some material facts, by the testimony of a number of disinterested witnesses, and much weight can not, therefore, be given to her statements. The declaration made to her by Fickas, in 1817, furnishes no ground to presume that in 1810 she was ignorant of her right of dower. The legal presumption is, she was acquainted with her rights. The order of court was, to sell the lots subject to her dower. They were advertised to be so sold,, and the biddings proceeded for some time, with the knowledge of all present of the existence of this incumbrance.
The sale was suspended under the belief that if her claim of dower could be removed, a more advantageous sale would be effected. She was consulted, and it was proclaimed in her hearing,, that the lots were to be sold free of her dower. The biddings recommenced, and the lots sold at an enhanced price. Under these circumstances the proof should be clear and strong, to justify the-court in finding her ignorant of any right in the property.
It is also said that Hartford had notice, at the time of his purchase, of her title, and therefore her acts and declarations could, not tend to deceive him.
It is undoubtedly true that the agent of Hartford had notice, at. the commencement of the public sale, that the lots were subject to-the widow’s dower, and his biddings were regulated by his knowledge of this fact. But during the progress of the sale, he was informed she had relinquished her right of dower, and she confirmed this information by her acts and declarations. If she had not, in. fact, relinquished her right of dower, her standing by, permitting *the property to be sold free of dower, without asserting-her claim, was calculated to deceive, and defraud the purchaser,, and did induce him to pay a much larger sum for the property than. *475 he would otherwise have given. He believed she had relinquished her dower, and acted upon this belief. To permit her to assert her title to dower, against a bona fide purchaser, for a valuable consideration, who was induced by her to purchase, because she has never executed any formal act of assignment, or release of her dower, would be to aid her in the commission of fraud. The bill must be dismissed.†

NoTE by the Reporter. — This cause was afterward submitted to the whole court, sitting at Columbus, upon a petition for a rehearing. After a full examination of the pleadings and proofs, a rehearing was refused.

Note by the Editor. — That if a person having a right to an estate, or an interest therein, permit or encourage a purchaser to buy it of another, the purchaser shall hold it divested of the interest of the person so acquiescing, is in the following Ohio cases, besides the above, iii. 6; iv. 384; v. 333; x. 288, and cases cited in the last two cases.