KNEILEY, et v KNEILEY, Admr., etc.

Ohio Appeals, 9th Dist, Summit Co
No. 1871. Decided March 24, 1931.

D. W. Baker and Chas. M. Kelly, both of Akron, for Plaintiff in error.

I. S. Ballard, Akron, for Defendant in error.

PARDEE, PJ.

The trial court found, upon this evidence, that the plaintiff in error could not assert her claim for dower to the prejudice of Olive Harter, the second mortgagee, basing its conclusion upon the theory of subrogation. We find, however, for the reasons hereinafter given, that we do not have to pass upon that question to render a proper judgment in this case.

Olive Harter, by her several pleadings, alleged that the plaintiff in error was estopped from asserting dower against her, by reason of the covenants set forth in plaintiff in error's separation agreement, and after reading the bill of exceptions, we think the trial court was right in finding, upon the evidence, that it would be

inequitable and unjust to allow the plaintiff in error to assert her dower rights against an innocent mortgagee who knew of said contract and relied upon it in loaning the money and taking said mortgage.

The plaintiff in error delivered said agreement to said decedent for the purposes therein stipulated. She knew or ought to have known that others besides her husband might rely thereon, and from its date until after the decedent's death she permitted it to remain outstanding as an apparent valid and enforceable contract, without taking any steps to have its purported effect nullified or destroyed. The effect of this outstanding contract was to induce innocent persons to deal with her said husband in regard to said real estate in reliance upon said agreement. By her conduct she said to the world that she had relinquished her dower in said real estate, as much as if she had been present at the time said mortgage was given, and announced that she did not claim dower. To now permit the plaintiff in error to assert that she has a dower interest in said real estate, in direct opposition to that which she had expressly declared she did not have and would not subsequently assert, would permit her to work a fraud upon one who relied upon her former written statement, solemnly proclaimed in the presence of witnesses and duly acknowledged.

"It is a well-established principle in equity, that if a person, having a right to an estate, permit or encourage a purchaser to buy it of another, the purchaser shall hold it against the person who has the right."

Smiley v Wright, et al, 2 Ohio 506, at p. 510.

"4. Where land was purchased from a husband on his wife's assurance that she and her husband had settled their property rights and that she had no further interest in such land, she was estopped from thereafter claiming dower therein."

Morgan v Sparks, 108 S.W. 233.

For the reasons stated, the judgment of the trial court is affirmed.

WASHBURN, J, and FUNK, J, concur.